## Strasser v. Pennsylvania Spool and Equipment Co.

*R. H. Jordan*, for plaintiff.

*L. Stamberg* and *Geza Bolez, Jr.*, for defendant.

HENNINGER, P. J., December 10, 1956.—Plaintiff, who resides in Mexico City, Mexico, has asked to have his testimony taken by written interrogatories for use in the trial of the case under Pennsylvania Rules of Civil Procedure 4003 and 4004.

Defendant has applied for a protective order under Pa. R. C. P. 4012 objecting to presentation of plaintiff's case upon interrogatories, asking that it be taken by oral examination, that the depositions be taken within the jurisdiction of this court or that defense counsel be reimbursed for the expense of attending the depositions.

Plaintiff's counsel has contended persuasively that under Pa. R. C. P. 4003(*a*) (2), plaintiff has the option of deciding whether his depositions for trial shall be taken by interrogatories or by oral examination and that although the rule refers to "witnesses", our courts have held that a party to a civil suit is a witness, cannot be compelled to attend a trial and that if the adverse party wants his testimony in addition to cross-interrogatories, he must procure that testimony as his own expense and that the provision for a protective order under Pa. R. C. P. 4012 applies only to depositions for discovery.

It is unnecessary for us to analyze this reasoning because we feel that, while it may have been valid prior to the amendment of Pa. R. C. P. 4004, effective July 1, 1954, it has been invalidated by that amendment which added clause (*e*) to that rule as follows:

"After the service of interrogatories and prior to the taking of the testimony of the deponent, the court in which the action is pending, on motion promptly made by a party or a deponent, may make an order in accordance with Rule 4012, or an order that the deposition shall not be taken before the officer desig-

nated in the notice, or that it not be taken except upon oral examination."

It will be noted that by this amendment, the court now clearly has the right to order oral examination although interrogatories have been requested and that the procedure for a protective order applies to depositions for use at trial as well as to depositions for discovery.

Since the witness is plaintiff, we certainly believe that defendant has the right to have his testimony taken by oral examination rather than by clumsy and restrictive interrogatories.

Exercising our authority under Pa. R. C. P. 4004 (e) to direct oral examination, we turn to Pa. R. C. P. 4008, which reads:

"If a deposition is to be taken by oral examination more than 100 miles from the courthouse, the court, upon motion, may make an order requiring the payment of reasonable expenses including attorney's fees, as the court shall deem proper."

It would be prohibitive in this case involving only $1,372.15 to compel plaintiff to pay a per diem and traveling expenses to Mexico City for defendant's local counsel. We therefore adopt a device recently employed by our learned colleague, Judge Koch, in which he awarded a sum sufficient to retain counsel at the point of oral examination to conduct cross-examination for the adverse party. While we realize that this may not be as satisfactory as having chief counsel attend, we believe it is a fair compromise, doing justice to both sides. Defendant ought to be able to retain such counsel for no more than $100 and plaintiff who wants to succeed without appearing at trial ought to pay that amount.

We have made no order as to time of examination because we believe the parties can better arrange for that amicably and at their own convenience.

Now, December 10, 1956, it is ordered that the interrogatories filed by plaintiff be stricken from the record and that the testimony of plaintiff be taken by oral examination in Mexico City at a time agreeable to both parties at plaintiff's expense and upon condition that plaintiff pay to defendant $100 for procurement of local counsel at the time and place of deposition.